**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MEDLINE INDUSTRIES, INC., ) | |
| ) | Civil Action No. 1:13-cv-01623 |
| Plaintiff, ) | |
| ) | Judge: Honorable John W. Darrah |
| v. ) | |
| ) | Magistrate Judge: Honorable Susan E. Cox |
| PAUL HARTMANN AG, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## MEDLINE'S MOTION FOR A STAY ORDER

Further to the Notice of Automatic Stay filed by Medline on March 1, 2013, and pursuant to the automatic stay provisions of 35 U.S.C. § 315(a)(2), Medline Industries, Inc. ("Medline") moves the Court to enter an Order staying this lawsuit and all pending deadlines herein.

This lawsuit was brought after the passage of the Leahy-Smith America Invents Act (Public Law 112-29) (the "AIA"). The AIA introduced a number of changes to U.S. patent law, two of which are relevant here. Specifically, the AIA provides for "*inter partes* review" of issued patents at the United States Patent & Trademark Office, and also provides for an automatic stay of certain litigation where *inter partes* review has been requested:

> 35 U.S.C. 315(a)(2): STAY OF CIVIL ACTION.--If the petitioner or real party in interest files a civil action challenging the validity of a claim of the patent on or after the date on which the petitioner files a petition for inter partes review of the patent, that civil action shall be automatically stayed until either--
>
> (A) the patent owner moves the court to lift the stay;
>
> (B) the patent owner files a civil action or counterclaim alleging that the petitioner or real party in interest has infringed the patent; or

>  (C) the petitioner or real party in interest moves the court to dismiss the civil action.

On February 28, 2013, one day before filing this lawsuit, plaintiff Medline filed a petition for *inter partes* review of the patent in suit, U.S. Patent 8,152,788. The petition was provisionally accorded *Inter Partes* Review number IPR2013-00173. Accordingly, the present lawsuit is subject to the automatic stay provisions of 35 U.S.C. § 315.

To the knowledge of the undersigned, this is the first lawsuit in which an *inter partes* review proceeding has triggered a Section 315 automatic stay.

Because this lawsuit is subject to the automatic stay, Medline respectfully request that the Court enter an Order staying the case, including a stay of all deadlines made applicable by the Federal Rules of Civil Procedure, the Local Rules, Local Patent Rules, and the Court's Case Management Procedures. This includes, for example, any deadline for service of the Complaint on defendant Paul Hartmann AG ("Hartmann") and the Rule 26(a) and (f) deadlines referenced in the Case Management Procedures. We respectfully submit that these deadlines already are stayed by operation of Section 315.

Medline is prepared to attend the scheduled status hearing on May 1, 2013. If appropriate, however, the Court also may wish to vacate the notice date on this motion and to continue the status hearing until the stay has been lifted.

Medline invited defendant Hartmann to join in a request to the Court to stay the case. We contacted the law firm that Hartmann retained for the *inter partes* review. Hartmann's attorney neither agreed to join a request nor indicated any objection, instead contending that Hartmann did not owe Medline a response on any filing Medline may choose to make.

WHEREFORE, Medline requests entry of an Order staying this lawsuit. A proposed Order will be submitted for the Court's consideration.

2

Respectfully submitted,

Dated: April 24, 2013

By: /s/ /Allen Hoover/
    Allen E. Hoover (#6216256)
    ahoover@fitcheven.com
    Fitch Even Tabin & Flannery LLP
    Suite 1600
    120 South LaSalle Street
    Chicago, Illinois 60603
    Telephone: (312) 577-7000
    Facsimile: (312) 577-7007

Of Counsel:
    Christopher C. Campbell
    Robert D. Spendlove
    COOLEY LLP
    One Freedom Square
    11951 Freedom Drive
    Reston, VA 20190-5656
    Telephone: (703) 456-8000
    Facsimile: (703) 456-8100

*Attorneys for Plaintiff*
*Medline Industries, Inc.*